**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**July 8, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CHAYA WERFEL; BASYA YEHUDIS
GOLDSTEIN; SHELLEY LEVINE;
STEFANIE LEVINE; HAYA LEVINE, as
parent and natural guardian of minor
Y.Y.L., next friend Y.Y.L., Estate of Rabbi
Kalman (Cary) Levine; ESTATE OF
RABBI KALMAN (CARY) LEVINE;
AHARON LEVINE; CHANA LEVINE;
MICHAL LEVINE, as parent and natural
guardian of minor H.Y.A., next friend
H.Y.A.; BASSHEVA MIRIAM
PELCOVICS, as parent and natural
guardian of minors L.Y.P., Y.M.P., N.B.P.,
and Y.C.P, next friend, L.Y.P., born
Y.M.P., next friend N.B.P., next friend
Y.C.P.; YITZCHOK MEIR LEVINE;
YERACHMIEL LEVINE; MOSHE
LEVINE; AVRAHAM LEVINE; DR.
NORMAN HECHING; JOSEPH
WERFEL; AVRAHAM NEFOUSSI;
DAVID SAMUEL SALIS, individually
and as parent and natural guardian of minor
E.Y.S., next friend E.Y.S.; DANA-LEE
SALIS, individually and as parent and
natural guardian of minor E.Y.S., next
friend E.Y.S.; AKIVA POLLACK; RABBI
SAUL GOLDSTEIN, individually and as
parent and natural guardian of minors
B.Y.G., E.G., A.D.G., N.G. and B.G., next
friend B.Y.G., next friend E.G., next friend
A.D.G., next friend N.G.; MIRIAM
GOLDSTEIN, individually and as parent
and natural guardian of minors B.Y.G.,
E.G., A.D.G., N.G. and B.G., next friend
B.Y.G., next friend E.G., next friend
A.D.G., next friend N.G.; SARAH RIVKA
GOLDSTEIN; MORDECHAI
GOLDSTEIN; MALKA GOLDSTEIN;

Nos. 23-1286 & 23-1335
(D.C. No. 1:21-CV-03043-GPG-STV)
(D. Colo.)

MOSHE GEDALIAH GOLDSTEIN;
YAKOVA KUPINSKY, individually, as
parent and natural guardian of minors
M.K., and Y.K., personal representative of
the estate of Rabbi Aryeh Kupinsky, next
friend M.K. Estate of Rabbi Aryeh
Kupinsky; ESTATE OF RABBI ARYEH
KUPINSKY; YITZCHAK KUPINSKY;
DEVORAH KUPINSKY; ELIYAHU
KUPINSKY; BASHY MIRIAM
TWERSKY, personal representative of the
Estate of Rabbi Moshe Twersky, Estate of
Rabbi Moshe Twersky; MESHULEM
TWERSKY, individually, as parent and
natural guardian of minors R.T.(1), C.T.,
E.T.(1), Y.T., M.T., E.T.(2), and S.T,
Estate of Rabbi Moshe Twersky, next
friend R.T.(1), next friend E.T.(1), next
friend Y.T., next friend M.T., next friend
E.T.(2), next friend S.T.; ESTATE OF
RABBI MOSHE TWERSKY, by its
personal representatives Bashy Miriam
Twersky and Meshulem Twersky;
REFAEL TWERSKY, individually and as
parent and natural guardian of minors A.T.,
I.T., and R.T.(2), next friend A.T., next
friend L.T., next friend R.T.(2); RIVKA
WALDER, individually and as parent and
natural guardian of minors Y.A.W., I.W.
and Y.W., next friend Y.A.W., next friend
I.W., next friend Y.W.; NECHAMA
CHARLAP, individually and as parent and
natural guardian of minors I.C. and E.C.,
next friend I.C., next friend E.C.;
AVRAHAM TWERSKY; RINAL SAIF,
individually, as parent and natural guardian
of minor, L.S., personal representative of
the Estate of Zidan Saif, next friend L.S.,
Estate of Zidan Saif; ESTATE OF ZIDAN
SAIF, personal representative, Rinal Saif;
NUHAD SAIF; JULIA SAIF; BRIANA
HAZEL GOLDBERG, individually and as
personal representative of the Estate of

2

Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Abraham Samuel (Avraham) Goldberg; ESTATE OF RABBI ABRAHAM SAMUEL (AVRAHAM) GOLDBERG; DEBORAH (GOLDBERG) HAMMOND; LIBBY GOLDBERG; RIVKA (GOLDBERG) SIRELING; HADASSA (GOLDBERG) TREUHAFT; ADRIAN GOLDBERG; ELISHEVA GOLDBERG,

      Plaintiffs - Appellants,

v.

THE PALESTINE LIBERATION ORGANIZATION; THE PALESTINIAN AUTHORITY, a/k/a The Palestinian Interim Self-Government Authority, a/k/a The Palestinian National Authority; RIYAD MANSOUR, as the representative of The Palestine Liberation Organization and The Palestinian Authority,

      Defendants - Appellees.

------------------------------

UNITED STATES OF AMERICA,

      Intervenor - Appellant.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In the case below, the district court concluded that the consent provision for personal jurisdiction in the Promoting Security and Justice of Victims of Terrorism Act of 2019 violated due process. Plaintiffs and the United States—which intervened to defend the constitutionality of the statute—separately appealed. After hearing argument, we abated the appeals pending a decision by the Supreme Court in *Fuld v. Palestine Liberation Organization*, No. 24-20, and *United States v. Palestine Liberation Organization*, No. 24-151 (the "*Fuld* Actions").

The parties have filed joint status reports (1) advising that the Supreme Court issued its decision in the *Fuld* Actions, and (2) offering their respective positions as to how these appeals should proceed.

Upon consideration, the abatement of these appeals is lifted, the district court's dismissal order and judgment are vacated, and these matters are remanded to the United States District Court for the District of Colorado to consider in the first instance the impact of *Fuld v. Palestine Liberation Organization*, 606 U.S. __ (2025) on the claims raised in this litigation.  "Defendants' motion for leave to file a supplemental brief and Plaintiffs' motion for summary disposition are denied as moot.

Entered for the Court


Per Curiam

4